UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



TODD G. DEAN,

        Plaintiff,

v.

ANDREW ROBINSON and AARON WARD,

        Defendants.

**DECISION AND ORDER**

6:15-CV-06329 EAW

## **INTRODUCTION**

*Pro se* plaintiff Todd G. Dean ("Plaintiff") asserts a claim against defendants Andrew Robinson and Aaron Ward for deliberate indifference to his health and safety in violation of the Fourteenth Amendment. (*See* Dkt. 21). Presently before the Court is Ward's motion to dismiss Plaintiff's Amended Complaint as to him for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 33)[1]. For the reasons that follow, Ward's motion is denied.

---

[1]     Plaintiff has also denoted his response to Ward's motion and his sur-reply in further opposition thereto as "motions." (*See* Dkt. 38 (labeled "Motion and Responds to Dismiss Amended Complaint Against Aaron Ward, Supervisor"); Dkt. 40 (labeled "Reply in Further Support of Motion Not to Dismiss Amended Complaint Against Defendant Supervisor Ward")). However, Plaintiff does not seek any affirmative relief in these purported "motions" beyond asking the Court not to grant Ward's motion. The Court has considered in full the arguments by Plaintiff in opposition to Ward's motion. Accordingly, the Court denies Plaintiff's "motions" as moot.

- 1 -

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiff's Amended Complaint. (Dkt. 18). As is required at this stage of the proceedings, the Court has treated Plaintiff's allegations as true.

Initially, the Court takes judicial notice[2] that on October 9, 2014, a criminal complaint was filed in this District charging Plaintiff with having "(i) knowingly used online cellular text messages . . . in an attempt to persuade, induce, or entice an individual he believed to be under the age of eighteen, to engage in sexual activity, and (ii) knowingly attempted to persuade a minor to produce child pornography, in violation of Title 18, United States Code, Sections 2422(b), 2251(a) and 2251(e)." Criminal Complaint, *United States v. Dean*, No. 15-cr-6064, Dkt. 1 (W.D.N.Y. Oct. 9, 2014). By way of plea agreement, on May 12, 2015, Plaintiff pled guilty to a one-count superseding Information charging him with a violation of 18 U.S.C. § 2422(b) (coercion and enticement of a minor). *See* Plea Agreement, *United States v. Dean*, No. 15-cr-6064, Dkt. 18 (W.D.N.Y. May 12, 2015).

At all times relevant to this action, Robinson and Ward were employees of the United States Marshals Service, with Ward acting as Robinson's supervisor. Plaintiff alleges that while Robinson was transporting him in connection with his criminal case,

---

[2] It is well-established that a court may take judicial notice of its own records. *See, e.g., Lesch v. United States*, No. 09-CV-0077 TJM DEP, 2009 WL 10700857, at *1 n.1 (N.D.N.Y. Apr. 3, 2009) ("[A] court has the right to examine its own records and take judicial notice thereof in regard to a proceeding formerly had therein by one of the parties to the proceedings now before it." (quoting *Dimmick v. Tompkins*, 194 U.S. 540, 548 (1904))).

Robinson said "foul, nasty words pertaining to his criminal case two times in front of corrections officers and other inmates." (Dkt. 18 at 1-2). In particular, Plaintiff asserts that Robinson referred to him as a "rapist" and a "child ___ [sic]." (*Id.* at 2). According to Plaintiff, this caused him to have to "watch [his] back" and further led to threats and extortion. (*Id.*).

Plaintiff's Amended Complaint, which is the operative pleading in this matter, contains no facts regarding Ward. However, in opposition to Ward's motion to dismiss, Plaintiff has elaborated on his allegations against Ward.[3] Plaintiff alleges that on one occasion, Robinson called Ward to inform him that Plaintiff had declined his escort to court for "medical reasons," and that after the call was over, Robinson "started calling and slanding [Plaintiff's] name and case in front of other inmate's as he left the jail [sic]." (Dkt. 38 at 2). Plaintiff further alleges that on a later date, Plaintiff's attorney informed a judge that Robinson had called Plaintiff a rapist and "child ___[sic]," and that the judge thereafter met with Ward and Plaintiff's attorney in her chambers, whereupon Ward told the judge and Plaintiff's attorney that Robinson would no longer be assigned to escort Plaintiff to court. (*Id.* at 2-3). Finally, Plaintiff alleges that 90 days after Ward's conversation with the judge, "up-pops . . . Robinson to escort Plaintiff Dean, again with the same intentional

---

[3] In light of Plaintiff's *pro se* status, the Court has taken into account this elaboration of his claims in considering the instant motion to dismiss. *See Vallen v. Newson*, No. 16-CV-2632(JS)(ARL), 2019 WL 1317569, at *2 (E.D.N.Y. Mar. 22, 2019) ("While district courts are not required to consider claims that are raised for the first time in a pro se plaintiff's opposition to a motion to dismiss, the Court may consider factual allegations contained in a plaintiff's submissions in opposition to a defendant's motion to dismiss, to the extent that they are consistent with the complaint." (quotation and alterations omitted)).

and traumatic mistreatment and abuse." (*Id.* at 3). Plaintiff claims that his attorney again informed the judge of Robinson's actions, at which point the judge ordered Ward to take a statement from Plaintiff. (*Id.* at 3-4).

## **PROCEDURAL BACKGROUND**

Plaintiff commenced this action on April 23, 2015. (Dkt. 1). Plaintiff initially failed to properly move for leave to proceed *in forma pauperis*, causing the matter to be administratively terminated. (Dkt. 5). Plaintiff thereafter filed a properly supported motion for *in forma pauperis* status (Dkt. 7), which the Court granted (Dkt. 11). On February 19, 2016, the Court found that Plaintiff had failed to state a claim and dismissed his Complaint. (Dkt. 11).

On March 9, 2017, the Court filed a Decision and Order permitting Plaintiff to replead his claims. (Dkt. 17). Plaintiff filed his Amended Complaint on May 3, 2017, which named two John Doe defendants. (Dkt. 18). On September 13, 2018, the Court entered a Decision and Order screening the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (Dkt. 21). The Court dismissed Plaintiff's claims brought pursuant to the Federal Tort Claims Act without prejudice, but permitted Plaintiff's Fourteenth Amendment deliberate indifference claim to proceed to service. (*Id.*). The Court further asked that the United States Attorney produce information regarding the identities of the John Doe defendants (*id.*), which the United States Attorney provided on October 3, 2018 (Dkt. 22). Service was thereafter effectuated on Ward and Robinson. (*See* Dkt. 28; Dkt. 30; Dkt. 31).

Ward filed the instant motion to dismiss on August 9, 2019. (Dkt. 33). Plaintiff filed his response on August 30, 2019. (Dkt. 38). Ward filed a reply on September 9, 2019 (Dkt. 39), and Plaintiff filed a sur-reply on September 23, 2019 (Dkt. 40).

## DISCUSSION

### I. Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen*

*v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II. <u>Personal Involvement</u>

Ward seeks dismissal of Plaintiff's claim against him on the basis that Plaintiff has not plausibly alleged Ward's personal involvement in the alleged violation of his rights. (*See* Dkt. 33-1 at 6-8). To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). A supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

In this case, taking all of Plaintiff's allegations as true and drawing all inferences in his favor, *see Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017), the Court finds that Plaintiff has plausibly alleged personal involvement by Ward. Plaintiff has alleged

that Ward was informed of Robinson's actions and told the judge that Robinson would no longer be assigned to escort Plaintiff. However, in Plaintiff's version of the facts, Robinson <u>was</u> subsequently assigned to escort Plaintiff again, and Robinson again engaged in wrongdoing against Plaintiff. It is reasonable to infer from these allegations that Ward did not take action to ensure that Robinson would no longer be assigned to escort Plaintiff, Ward's statement to the judge notwithstanding. Plaintiff's allegations further support the conclusion that Ward was on-duty and supervising Robinson on the day Robinson was once again assigned to escort Plaintiff, because Plaintiff claims that Ward was called into the judge's chambers and ordered to take a statement from Plaintiff on that occasion.

At this stage of the proceedings, Plaintiff's allegations are sufficient to support the conclusion that Ward was on notice of Robinson's wrongdoing and failed to take the appropriate corrective action. *See, e.g., Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) (denying motion to dismiss where the plaintiff alleged the defendant was fully aware that the plaintiff's disability was not being accommodated and "failed to take action to remedy the ongoing violation"); *Scott v. Hollins*, No. 96-CV-0351C, 2006 WL 1994757, at *7 (W.D.N.Y. July 14, 2006) (finding that defendant's knowledge that the plaintiff was being harmed by exposure to second-hand smoke and failure to act on his complaints could establish personal involvement); *Allah v. Goord*, 405 F. Supp. 2d 265, 278 (S.D.N.Y. 2005) (denying motion to dismiss where defendants were aware that prisoners in wheelchairs had been injured during transport and failed to remedy the situation). The Court therefore finds that Plaintiff has adequately alleged Ward's personal

involvement in the alleged deprivation of his constitutional rights, and accordingly denies Ward's motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, Ward's motion to dismiss (Dkt. 33) is denied. Plaintiff's "motions" filed in response to Ward's motion (Dkt. 38; Dkt. 40) are denied as moot. Ward shall file an answer to the Amended Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 17, 2019
      Rochester, New York