UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TODD G DEAN,

                              Plaintiff,

        v.                                          REPORT AND RECOMMENDATION

USMS ANDREW ROBINSON and                            15-CV-6239-EAW-MJP
USM AARON WARD,

                              Defendants.

## INTRODUCTION

**Pedersen, M.J.** *Pro se* Plaintiff Todd Dean alleges a *Bivens*[1] Fourteenth Amendment deliberate indifference claim and Federal Tort claim against Defendants Deputy U.S. Marshal ("DUSM") Andrew Robinson (previously John Doe #1), and Supervising DUSM Aaron Ward (previously John Doe #2). Plaintiff moves to "Pursue a Federal Tort Claim" against both Deputy Marshals (Motion, ECF No. 85). Per this Court's Order entered on July 7, 2022, the Court construes Plaintiff's application as a motion to further amend the operative pleading. (Text Order re 60 Motion to Amend, ECF No. 99); Am. Compl., ECF No. 18). For the reasons stated below, the Court recommends that the district judge deny his motion.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## PROCEDURAL HISTORY

Plaintiff alleges that on January 29, 2015, and February 12, 2015, DUSM Robinson used "foul, nasty words" pertaining to his criminal case, ultimately causing Plaintiff to "fear for his life and safety." (Mot. at 3, ECF No. 85). In his original complaint, Plaintiff alleged that on January 29, 2015, during a prisoner transport to a court status conference, DUSM Robinson told Plaintiff he could not wear his TENS device to court.[2] (Compl. at 1, ECF No. 1; Response at 3, ECF No. 93.) Robinson contacted his supervisor, Supervising DUSM Ward, to ask if Plaintiff could bring the device and was denied. The Honorable Marian W. Payson ordered that Plaintiff be allowed to wear the device at all other court appearances. (Defs.' Mem. of Law at 3, ECF No. 93). Plaintiff filed an initial complaint alleging these claims on April 23, 2015. (ECF No. 1.) Having been granted leave by the Court, Plaintiff filed an amended complaint on May 3, 2017, which replaces the initial complaint in its entirety. (Am. Compl., ECF No. 18; Decision & Order, ECF No. 17.) The amended complaint does not state any claim in relation to the TENS unit.

Plaintiff signed a Standard Form 95 (SF-95 administrative tort complaint) against the United States Marshals Service on April 30, 2017. (Mot. at 3, ECF No. 85.) The form includes allegations that John Doe #1's conduct led Plaintiff to fear for his safety and face threats and extortion. He demanded $1,200,000 in damages. (*Id.*

---

[2] A transcutaneous electrical nerve stimulation (TENS) unit is a battery-operated device that some people use to treat pain. Cleveland Clinic, *Transcutaneous Electrical Nerve Stimulation (TENS), Health Library* (Jan. 15, 2020), https://my.clevelandclinic.org/health/treatments/15840-transcutaneous-electrical-nerve-stimulation-tens.

at 3.) However, Plaintiff stated in his Motion to Pursue Tort Claims, filed on April 11, 2022, almost five years to the day, that the form "went out" on January 27, 2021, three years and eight months *after* he signed it, and approximately five years and eleven months *after* the January 2015 incident that gave rise to Plaintiff's complaint. (Mot. at 9, ECF No. 85.) The copy of the Standard Form 95 attached to ECF No. 85 includes a "received" stamp indicating that the U.S. Marshals Service for the Western District of New York received the form on January 21, 2021, approximately five years and eleven months after the January 2015 incident that gave rise to the complaint.

In her Decision and Order filed on March 9, 2017 (ECF No. 17), the Honorable Elizabeth Wolford granted Plaintiff sixty days to comply with the requirements of the Federal Tort Claims Act to properly exhaust his FTCA claim so that the district court could have jurisdiction to adjudicate it. Plaintiff filed an amended complaint on May 3, 2017, in which he alleged claims under *Bivins* as well as claims under the FTCA and included a copy of the FTCA Standard Form 95 dated April 30, 2017. He did not, however, allege that he has presented the FTCA claim to the U.S. Marshals Service. Consequently, on September 13, 2018, Judge Wolford entered an Order (ECF No. 21) dismissing Plaintiff's FTCA claims for failure to exhaust. On December 17, 2019, Judge Wolford entered a Decision and Order denying Supervising DUSM Ward's motion to dismiss. (Decision and Order, ECF No. 42.)

After the case was referred to the undersigned, the Court issued an Order on July 7, 2022 (ECF No. 99), which stated in full as follows:

> TEXT ORDER re 60 MOTION to Amend/Correct, 62 Order on Motion to Amend/Correct, 18 MOTION to Amend/Correct filed by Todd G. Dean.

On May 12, 2020, the Court granted Plaintiff pro se's unopposed request
to amend his complaint and directed him to file an amended complaint
to include the information in his original motion (ECF No. 60). To date,
he has not done so. Consequently, the Court construes the operative
pleading to be the Amended Complaint (ECF No. 18) as supplemented
by the additional demand contained in his motion ECF No. 60.

(Text Order, ECF No. 99.)

Also pending before the district judge are Defendants' motion for summary

judgment, filed on April 26, 2022 (ECF No. 86), and Plaintiff's June 27, 2022,

application for an extension of time to respond to that motion (ECF No. 97). Those

two motions will not be addressed here.

## DISCUSSION

### FTCA Overview

In his "Motion to Pursue Tort Claim" (ECF No. 85), Plaintiff seeks to pursue

his FTCA claims against DUSM Robinson and Supervising DUSM Ward personally

and asks for the Court's assistance in seizing their mobile assets. For the reasons

discussed below, the undersigned recommends that the district judge deny the

motion.

Generally, the United States government and its officers and agencies are

protected from civil lawsuits under to doctrine of sovereign immunity. *Fed. Deposit*

*Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA")

waives immunity for claims arising from torts committed by federal employees

working in the scope of their employment.[3] *Fountain v. Karim*, 838 F.3d 129, 135 (2d

---

[3] The provisions of the Federal Torts Claim Acts are found in 28 U.S.C. §§ 1346(b),
1402(b), 2401(b), and 2671–80.

Cir. 2016). The United States cannot be sued in a tort action unless Congress has expressly waived the government's immunity and authorized suit under the FTCA. *Dalehite v. United States*, 346 U.S. 15, 30–31 (1953). Plaintiffs may bring suits that are:

> [1] ***against the United States***, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] ***caused by the negligent or wrongful act or omission of any employee of the Government*** [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

*Meyer*, 510 U.S. at 477 (emphasis added).

### Timing Requirement

The District Court does not have jurisdiction over tort claims until all administrative procedures are satisfied. *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 83 (2d Cir. 2005). Claimants must file the complaint within *two years* after the claim accrued and cannot file a lawsuit until the claim is (1) denied in writing or (2) the agency fails to provide a final disposition within six months, at which point the complaint is "deemed denied." 28 U.S.C. § 2401(b). A tort lawsuit is further barred unless the action commences within six months of denial. (*Id.*)

Plaintiff filed a lawsuit within two years of the incident. (ECF No. 1). Considering the Plaintiff's *pro se* status, and the likelihood that he did not fully understand the complaint protocol, this may be construed as due diligence to pursue a claim, even if in the wrong venue. However, Plaintiff later filed an SF-95

administrative complaint with the U.S. Marshals that was not marked received until January 2021. (ECF No. 85 at 3).

Plaintiff provides no explanation for the discrepancy in time between the date the SF-95 was completed (April 30, 2017) and the date it was presented to the Marshal Service (January 27, 2021). Further, Plaintiff was directed several times by Chief Judge Wolford and Magistrate Judge Pedersen to properly file a complaint with the U.S. Marshals. (Decision and Order, ECF No. 17; Order, ECF No. 21; Order, ECF No. 70).

Plaintiff failed to adhere to the filing and timing requirements under the FTCA. Further, he ignored specific instructions by the District Court. The District Court does not have jurisdiction over claims until they are properly filed and pursued with the relevant federal agency. This alone is enough to deny Plaintiff's motion to supplement his claim, but for clarity, the Court will review the additional factors weighing in its recommendation.

### *Exhaustion Requirement*

Claimants must also file an administrative complaint with the relevant agency before pursuing a lawsuit. *28 U.S.C. § 2401(b).* Plaintiffs cannot bring suit under the FTCA until they have exhausted all administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Generally, a plaintiff cannot file an FTCA lawsuit and then cure his failure to exhaust administrative remedies by submitting an administrative claim retroactively. *McNeil*, 508 U.S. at 107–13. However, the exhaustion requirement does not prevent a plaintiff from amending a previously filed lawsuit to add an FTCA claim

6

*once he has exhausted all administrative remedies.*[4] *D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir.2017) (emphasis added).

The Court directed Plaintiff to exhaust administrative remedies more than once. (Decision and Order, ECF No. 17; Order, ECF No. 21.) Plaintiff maintains that he met the exhaustion requirement by reporting the alleged misconduct to his criminal defense attorney. (ECF No. 18 at 6.) However, this is not enough. A claimant may only bypass the exhaustion requirement if he can show that the administrative process was unavailable to him, either structurally or literally.[5] *Animashaun v. Afify*, 470 F. Supp. 3d 294, 296 (W.D.N.Y. 2020). The district court does not have jurisdiction until administrative remedies are exhausted. *Thomas v. Metro. Correction Ctr.*, No. 09 CIV. 1769 (PGG), 2010 WL 2507041, at *6 (S.D.N.Y. June 21, 2010) ("because Plaintiff has failed to 'plead and prove compliance with the statutory requirements' of administrative exhaustion, his FTCA claims must be dismissed").

While Plaintiff's initial complaint does not expressly allege tort claims under the FTCA (Compl., ECF No. 1), his Motion to Pursue Tort claims is essentially an application to amend his complaint to add claims under the FTCA. Judge Wolford previously instructed Plaintiff that he was obligated to pursue his complaint with the

---

[4] A plaintiff who prematurely files a complaint in federal court may amend the complaint to add an FTCA claim and/or the United States as a defendant after the administrative procedure is complete if the claim was not raised in the initial complaint. *D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1245–46 (9th Cir.2017).

[5] The Second Circuit explained, as an example of a process bar, that a corrections officer failing to file a prisoner grievance renders administrative unavailable if the regulations "do not adequately outline the process to appeal or otherwise exhaust administrative remedies." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 124 (2d Cir.2016).

U.S. Marshals Service completely before turning to the court system. Although Plaintiff is permitted some latitude, he must adhere to administrative procedure before the District Court can have jurisdiction. Due diligence is not waived for *pro se* plaintiffs. *Tipathy v. Lockwood*, 19-CV-6614, 2021 WL 5311029, *3 (W.D.N.Y. Sept. 29, 2021). Thus, his motion should be denied for lack of jurisdiction because Plaintiff has not timely exhausted his FTCA claims with the U.S. Marshals Service.

### Additional FTCA Filing Requirements

Even if he had timely exhausted administrative remedies, an administrative claim must include a sufficient overview of the facts and requested damages to support the allegations. *Collins v. United States*, 996 F.3d 102, 114 (2d Cir.2001). Claimants may demand compensatory (money) damages, but not punitive or injunctive relief. 28 U.S.C. § 2674; *see Fitch v. United States*, 513 F.2d 1013 (6th Cir.1975); *Moon v. Takisaki*, 501 F.2d 389 (9th Cir. 1974). The statue does not cap the amount of damages, but liability may be limited under relevant state law.[6] *Malmberg v. United States*, 816 F.3d 185, 193 (2d Cir. 2016).

Further, only the United States may be held liable for torts committed by a federal agency. *28 U.S.C § 2679(a)*. The FTCA does not provide an avenue to pursue individual government employees. *Guo Hua Ke v. Morton*, 19-CV-8671, 2012 WL 4715211, at *13 (W.D.N.Y. Sept. 30, 2012). Claimants are also required to allege that the Attorney General has certified that the defendant(s) was acting within the scope of his or her employment. 28 U.S.C. § 2679(d)(1).

---

[6] New York does not cap compensatory or punitive damages.

The Court previously determined that Plaintiff alleged sufficient facts to state a claim, but that he has failed to meet the remaining filing requirements. (Order at 6–7, ECF No. 42). Plaintiff has failed to name the United States as a defendant and request proper damages. Plaintiff filed against DUSM Robinson and Supervising DUSM Ward individually, not against the United States. Plaintiff also requested punitive damages or an injunction.

### *Negligence Requirement*

The FTCA typically only applies to tort claims of negligence, that is, claims caused by the "negligent or wrongful act or omission" of a government employee.[7] 28 U.S.C. § 1346(b); *see also* 28 U.S.C. § 2680(h), "Law Enforcement Proviso." Claims involving most intentional torts fall outside the scope of the FTCA, but the United States may be liable for certain intentional torts committed by "investigative or law enforcement officers of the United States Government."[8] 28 U.S.C. § 2680(h). However, the only covered intentional torts are assault, battery, false imprisonment, abuse of process, and malicious prosecution. (*Id.*) None of these torts are alleged to have been committed against Plaintiff.

A defendant may also be liable for tortious injury *arising out* of negligence. *See Sheridan v. United States*, 487 U.S. 392 (1988) (holding the fact that an injury was directly caused by an assault or battery will not preclude liability against the

---

[7] FTCA coverage exceptions do not apply to libel, slander, misrepresentation, deceit, or interference with contract rights. *28 U.S.C. § 2680(h)*. Claims arising from intentional actions excluded by the FTC may be brought as *Bivens* actions.

[8] The FTC defines law enforcement officer as a federal officer empowered to: (1) execute searches, (2) seize evidence, or (3) make arrests for violations of Federal law. 28 U.S.C. § 2680(h). However, courts have disagreed over the application of this definition.

Government for negligently allowing the assault to occur).[9] The facts of the case are not so clear enough as to eliminate the possibility that the harm arose out of negligence. The Court has also previously construed Plaintiff's Fourteenth Amendment claims regarding vulgar language as potentially a negligent tort of infliction of emotional distress. (Decision and Order at 3, ECF No. 17.) However, Plaintiff did not specify negligence allegations in his complaint, nor does he allege them in his Motion to Pursue Tort Claims. He also did not include any allegations of medical negligence or indifference in his SF-95 agency complaint. (Mot. at 3, ECF No. 85.) Thus, in addition to Plaintiff's failure to exhaust administrative remedies, his claim, as presently plead, does not fit the parameters of a proper FTCA claim. Thus, to allow him to amend would be futile.

## CONCLUSION

Plaintiff's "Motion to Pursue Tort Claims" (ECF No. 85), which the Court construes as a motion to amend his complaint to add claims under the Federal Tort Claims Act, should be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

---

[9] *See also United States v. Muniz*, 374 U.S. 150 (1963) (FTCA "extends to novel and unprecedented forms of liability as well.").

10

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**SO ORDERED**.

Dated: July 29, 2022
Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge

11