UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD G. DEAN,

                    Plaintiff,                                    **DECISION AND ORDER**

          v.                                                      6:15-CV-06239 EAW

ANDREW ROBINSON and AARON
WARD,

                    Defendant.
_____


## INTRODUCTION

*Pro se* plaintiff Todd G. Dean ("Plaintiff") brought this action against defendants Andrew Robinson and Aaron Ward (collectively "Defendants"), asserting a claim for deliberate indifference to his health and safety in violation of his constitutional rights. (*See* Dkt. 21). On February 16, 2023, the Court issued a Decision and Order (Dkt. 111) adopting United States Magistrate Judge Mark W. Pedersen's Report and Recommendation, which recommended denying Plaintiff's motion to amend his complaint to assert a claim pursuant to the Federal Tort Claims Act and granting Defendants' motion for summary judgment (Dkt. 102).

Presently before the Court is Plaintiff's "motion to reinstate case" based on alleged ineffective assistance of counsel, or, alternatively, a request that the Clerk of Court forward this action to the Court of Appeals. (Dkt. 113 at 1, 7). Defendants oppose Plaintiff's motion. (Dkt. 115). For the reasons that follow, the Court denies Plaintiff's motion.

- 1 -

# **DISCUSSION**

## I. **Legal Standard**

Courts generally construe a *pro se* litigant's motion to "reopen" a case as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or 60(b).  However, a Rule 59(e) motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Here, judgment was entered on February 21, 2023 (Dkt. 112), and the instant motion was filed almost over eight months later on November 13, 2023 (Dkt. 113).  Accordingly, any Rule 59(e) motion would be untimely and the Court will construe Plaintiff's motion as a motion pursuant to Rule 60(b).   *See Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2012) ("[Plaintiff's] motion did not specify the provision . . . of the Federal Rules of Civil Procedure under which she sought to 'reopen' her case.  [The] motion fell far outside the 28–day period for filing a Rule 59(e) motion. . . .  Consequently, we construe her motion as proceeding under Rule 60(b)."); *Sorrentino v. Annucci*, No. 9:23-CV-582 (LEK/TWD), 2024 WL 706957, at *1 (N.D.N.Y. Feb. 21, 2024) ("Here, Plaintiff's Motion for Reconsideration was filed on January 5, 2024—sixty-six days after the October 2023 Order, and long after the deadline expired.  Accordingly, this Court cannot analyze Plaintiff's Motion for Reconsideration under Rule 59(e), and should analyze it under Rule 60(b) instead."); *see also Castellaw v. Excelsior Coll.*, No. 14-CV-1048 (PKC), 2021 WL 3518277, at *5-6 (E.D.N.Y. June 21, 2021) ("Accordingly, the Court treats plaintiff's various submissions referencing amending or reopening the Judgment as

motions for relief from a final order or judgment, . . ." under Rule 60(b)), *adopted in relevant part*, 2021 WL 3046748 (E.D.N.Y. July 20, 2021).[1]

## II.    Rule 60(b) Motion

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Defendants appear to suggest that Plaintiff's ineffective assistance of counsel argument could be analyzed under subsections (1), (2), (3), or (6), and also seemingly argue that subsection (6) is most appropriate here.  (*See* Dkt. 115 at 4-5 and n.3).  "Courts in the Second Circuit analyze a party's motion to vacate a final judgment on the

---

[1]    Defendants note that under a liberal construction of Plaintiff's motion, it could also be deemed a motion for reconsideration.  (Dkt. 115 at 3).  Since a motion for reconsideration is treated as falling within the scope of a motion to alter or amend judgment under Rule 59(e) or Rule 60(b), *Richard v. Dignean*, 126 F. Supp. 3d 334, 336-37 (W.D.N.Y. 2015), the Court need not separately analyze the instant motion as a motion for reconsideration.

basis of attorney failure under subsections (1) and (6) of Rule 60(b)." *DeMarco v. Hartford Life & Accident Ins. Co.*, No. 12 Civ. 4313(BMC), 2014 WL 3490481, at *3-4 (E.D.N.Y. July 11, 2014) (noting the court's previous finding that plaintiff's attorney had committed "extraordinary neglect" in pursuing the case) (citation omitted).  The Court will accept for the purposes of this motion that Plaintiff's arguments can be analyzed under subsections (1), (2), (3), or (6).

"Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (citations, quotations, and alterations omitted).  "A Rule 60(b) motion should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *PG 1044 Madison Assocs., L.L.C. v. Sirene One, L.L.C.,* 229 F.R.D. 450, 452 (S.D.N.Y. 2005) (quotations and citation omitted).  "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.  The burden of proof is on the party seeking relief from judgment. . . ." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  "To grant relief from a final order pursuant to Rule 60(b), a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." *Deng v. N.Y.S. Off. of Mental Health*, No. 1:13-cv-6801 (ALC) (SDA), 2018 WL 11176016, at *1 (S.D.N.Y. July 18, 2018) (quoting *Cobos v. Adelphi Univ.,* 179 F.R.D. 381, 385 (E.D.N.Y. 1998)), *aff'd*, 783 F. App'x 72 (2d Cir. 2019).

Plaintiff argues that his case should be reinstated based on ineffective assistance of counsel because his "court appointed attorney" showed "little [or] no interest" in helping Plaintiff mediate or settle his case. (*See* Dkt. 113 at 2-3). Plaintiff faults his attorney for purportedly failing to sufficiently communicate with Plaintiff and neglecting to mention relevant evidence or information during "mediation" with Defendants. (*Id.*). Plaintiff also questions whether his attorney gathered testimony from witnesses since he did not receive copies of affidavits or other documents that his attorney allegedly possessed, and Plaintiff claims that his lack of access to these documents deprived him of "leverage" in mediation with Defendants. (*See id.* at 3).

As an initial matter, to the extent that Plaintiff is raising an ineffective assistance of counsel claim based on the Sixth Amendment, that argument fails because he is not entitled to the assistance of counsel in a civil action. *See James v. United States*, 330 F. App'x 311, 313 (2d Cir. 2009) ("[B]ecause this is a civil case, [plaintiff's] ineffective assistance of counsel claim is unavailing, and any complaints he might have regarding his attorney's performance at trial must be raised in a separate malpractice proceeding."). "[I]t is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). Furthermore, Judge Pedersen granted Plaintiff's motion to appoint counsel for the limited purpose of finishing discovery, including depositions. (Dkt. 61 at 3). Under this limited-scope appointment, Plaintiff's attorney was not obligated to assist Plaintiff with his pleadings, the flaws in which, as discussed below, are the bases requiring dismissal of Plaintiff's claims.

- 5 -

Plaintiff's motion to reinstate his Fifth Amendment claim for deliberate indifference to his health and safety against each Defendant also fails. As the Court discussed in its Decision and Order dated February 16, 2023, Plaintiff does not have a viable claim pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Dkt. 111 at 14-20). Plaintiff justifies his request to reinstate his case based on his attorney's alleged deficient performance. Even if that allegation was true, it is irrelevant because Plaintiff's *Bivens* claim fails as a matter of law. Because Plaintiff does not "possess[] a meritorious claim in the first instance," his request for relief from a final judgment under Rule 60(b)(6) must fail. *See United States v. Concepcion*, 668 F. Supp. 3d 153, 158-59 (W.D.N.Y. 2023) (quotation omitted); *see also Deng*, 783 F. App'x at 73 ("A Rule 60(b) motion 'cannot serve as an attempt to relitigate the merits.'" (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989))).

## III.   Plaintiff's Appeal to the Court of Appeals is Untimely

Plaintiff moves in the alternative for this action to be forwarded to the Court of Appeals if his case is not reinstated. (*See* Dkt. 113 at 1, 7). "A notice of appeal generally must be 'filed with the district clerk within 30 days after entry of the judgment or order appealed from.'" *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 251 (2d Cir. 2021) (quoting Fed. R. App. P. 4(a)(1)(A) and citing Fed. R. App. P. 5(a)(2)). "[A] district court may extend the filing deadline [for the notice of an appeal] if a party 'shows excusable neglect or good cause' and asks for the extension within 30 days after the filing deadline[.]" *Brooks v. Doe Fund, Inc.*, No. 17-CV-3626 (PKC) (LB), 2021 WL 10342366, at *4 (E.D.N.Y. Jan. 21, 2021) (quoting *Bradshaw v. City of N.Y.*, No. 18 Civ. 8944 (GBD), 2019 WL 6997969,

at *2 (S.D.N.Y. Dec. 20, 2019)).  The Court cannot extend the extension timeframe beyond 30 days, even with good cause shown.  *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that the Federal Rules' jurisdictional deadlines are "strict" and cannot be enlarged by local "practices").  Plaintiff's notice of appeal, filed more than seven months after final judgment was entered, is plainly untimely and is denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion to reopen his case (Dkt. 113), construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or 60(b), is denied.  Plaintiff's request to pursue an untimely appeal is also denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  July 1, 2024
          Rochester, New York